Filed 2/27/25  P. v. Houston CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099800 |
| Plaintiff and Respondent, | (Super. Ct. No. 23FE010265) |
| v. | |
| WILLIAM ALEXANDER HOUSTON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant William Alexander Houston filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Defendant has not filed a supplemental brief.  We find no arguable errors that would result in a disposition more favorable to defendant and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2023, the People charged defendant with assault likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4))[1] and second degree robbery (§ 211). The People alleged that defendant had four prior strike convictions (§§ 667, subds. (b)-(i), 1170.12) and that the following aggravating circumstances applied: (1) defendant engaged in violent conduct that indicates a danger to society (Cal. Rules of Court, rule 4.421(b)(1)); (2) defendant had served a prior prison term (*id*., rule 4.421(b)(3)); and (3) defendant was on probation, mandatory supervision, post release community supervision, or parole when the crime was committed (*id*., rule 4.421(b)(4)). Prior to trial, the trial court denied defendant's *Marsden* motion. (See *People v. Marsden* (1970) 2 Cal.3d 118.)

At trial, the victim testified that on July 3, 2023, he was delivering mail while wearing an air conditioner device around his neck because it was hot outside. Defendant approached him and pulled the device off his neck. The victim grabbed the device back. Defendant then grabbed the victim's neck, shoved him against the wall, and pressed him onto the ground. Defendant took back the device and broke it. At one point, defendant said he just wanted to show the victim how strong he was. Several witnesses to the attack also testified and identified defendant as the assailant.

Defendant testified in his defense. He stated he was a "platinum rap artist" and a "big promoter in Sacramento." Defendant had grown frustrated because filming crews and businesses would film him constantly to promote for them. He believed that the victim was trying to promote his material, his mail truck, and his air conditioner device. He felt the victim "knew that we was being filmed." He admitted to holding the victim down with his fist but claimed it "was just a little rough-up." Defendant said he was wrong for assaulting the victim and grabbing the air conditioner device but insisted he

---

[1] Undesignated statutory references are to the Penal Code.

"wasn't trying to steal it." In summation, defense counsel argued that the People failed to prove the intent element of robbery.

The jury found defendant guilty on both charges. In a separate proceeding, the jury found true defendant's prior convictions as well as the aggravating circumstances that defendant had served a prior prison term, and that defendant was on post release community supervision or parole when the crime was committed.

Defendant filed a motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 requesting that the court dismiss three of his prior strikes. Defendant asked the court to impose 10 years of imprisonment for the robbery (the upper term, doubled due to a prior strike). The trial court denied the *Romero* motion and sentenced defendant to 25 years to life for the robbery in accordance with the Three Strikes law. The court also sentenced defendant to eight years for the assault (the upper term, doubled due to a prior strike) but stayed that sentence under section 654.

Defendant timely appealed.

## DISCUSSION

Appointed counsel filed an opening brief asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed but has not.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant.

3

DISPOSITION

The judgment is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
DUARTE, Acting P. J.

/s/
FEINBERG, J.

4